Deborah A. Ferguson, Bar No. 5333
Craig H. Durham, Bar No. 6428
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, ID 83702
Tel.: (208) 484-2253
daf@fergusondurham.com
chd@fergusondurham.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID C. DICKERSON, KRISTY L. BURNETT,<br><br>Plaintiffs.<br><br>vs.<br><br>WASHINGTON COUNTY, JIM HARBERD, DELTON WALKER, BONNIE BRENT, DANNY ROARK, NATE MARVIN,<br><br>Defendants. | Case No. 1:25-cv-00349-DCN<br><br>**RESPONSE TO DEFENDANT DELTON WALKER'S MOTION FOR ATTORNEY FEES** |

Defendant Delton Walker has filed a motion seeking over $28,000 in attorney's fees in this closed case where the Plaintiffs and Washington County reached an early settlement – saving the Court and all parties significant time and resources – before voluntarily dismissing Walker without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Because a voluntary dismissal under Rule 41(a)(1)(A)(i) operates *without prejudice*, none of the of the claims against Walker have been adjudicated on their merits. As such, Walker is not a "prevailing party" entitled

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 1**

to fees. Nor can Walker try to breathe new life into his motion to dismiss, which was mooted when the case was closed, by camouflaging it through a motion for attorney's fees. This Court simply has no jurisdiction to reach those contested factual and legal issues. Finally, the Plaintiffs stand by their good faith allegations against Walker as someone who was wielding his power and influence with the County such that he was acting in concert with County officials to deprive Plaintiffs of their constitutional rights. They categorically deny that the claims against him were "frivolous, unreasonable, or groundless."

I.  **Background**

Plaintiffs David C. Dickerson and his wife, Kristy L. Burnett, filed a civil rights complaint under 42 USC §1983 on July 3, 2025 after Washington County refused to grant them a permit to build their home, or to consider their appeal over the County's failure to act on their building permit application. Instead of a permit, the County issued a building moratorium, which it applied retroactively to their permit application. The Plaintiffs named Washington County, two of its employees, and two County Commissioners as Defendants, as well as Delton Walker, the former Washington County Prosecutor. Plaintiffs asserted that Walker was a person acting under the color of law for the purposes of § 1983. Walker was the same individual who sold the Plaintiffs the property to build on, which was adjacent to his own property. After Walker received fair market value for his property- a substantial sum- Walker obstructed the Plaintiffs from building their home through his influence with two Washington County Commissioners. Plaintiffs alleged that Walker was acting in concert with Washington County officials to deprive them of their constitutional rights. [1] *See* Complaint, ¶¶ 10, 61, 73, 74, 76, 144 and 148.

---

[1] In his own lengthy filings Defendant Walker makes no mention of another case he is presently defending brought against him by the current Washington County Prosecutor, Tru Pearce.

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 2**

After this suit was filed, Washington County obtained representation from Canyon County, as the Washington County Prosecutor Pearce had a conflict of interest. (See footnote 1). With the guidance of counsel, but only after having been sued, Washington County quickly reversed course and issued the building permit to the Plaintiffs. Settlement negotiations began between counsel for the County and Plaintiffs on the secondary issues. Plaintiffs' counsel signaled in a court filing that if settlement could be reached with the County, Plaintiffs hoped to dismiss the other Defendants and the case in its entirety. ("Plaintiffs are in promising settlement discussions with Defendant Washington County, which may lead to the entire case being resolved quickly. A short extension while those negotiations continue could, in the end, save the Court and the parties time and resources.") Dkt. No. 28 at p. 2.

The Plaintiffs and Washington County then settled the remaining issues in the dispute. After settlement proceeds were received, Plaintiffs promptly filed Rule 41(a)(1)(A)(i) notice of dismissals as to Defendants Walker, Roark and Harberd who had not filed answers or motions for summary judgment (Dkt. No.s 32, 33, and 34) and stipulated dismissals as to the remaining Defendants who had answered the complaint. Dkt. No.s 35, 36, and 37. The Court then dismissed the pending motions as moot and closed the case. Dkt. No. 38.

## II.     Discussion

There is no basis to award attorney's fees to Defendant Walker, and his motion should be denied in its entirety.

---

Prosecutor Pearce alleges that Walker has usurped his authority as the County Prosecutor in violation of Idaho Code 6-602, Usurpation of Office, by improperly providing legal advice to the Washington County Commissioners, echoing similar concerns raised in this case. See Case No. 44-25-0154, *State of Idaho v. Delton Walker*, filed in the Third Judicial District for the State of Idaho on April 23, 2025.

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 3**

A.  **Walker is Not a Prevailing Party Under 42 U.S.C. § 1988(b)**

The Court may award attorney's fees to Walker only if he is a "prevailing party." 42 U.S.C. 1988(c). Walker cannot satisfy this prerequisite.

Plaintiffs filed a Notice of Dismissal of Walker under Rule 41(a)(1)(A)(i). (Dkt. 34.) Because Walker had neither filed an answer nor a motion for summary judgment, Plaintiffs had the unilateral right to dismiss him from the action simply by filing a notice with the Court. This dismissal operates without prejudice. Fed. R. Civ. P. 41(a)(1)(B). A dismissal without prejudice means that nothing has been adjudicated for or against Walker on its merits.

A dismissal under Rule 41(a)(1)(A)(i) "does not alter the legal relationship of the parties because [Walker] remains subject to the risk of refiling" following a dismissal without prejudice. *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009). In other words, the effect of a voluntary dismissal under Rule 41(a)(1)(A)(i) is to leave the situation "as if the action had never been filed." *See City of So. Pasadena v. Mineta*, 284 F.3d 1154 (9th Cir. 2002). Walker is not a prevailing party. The Court need go no further.

B.  **The Court Also Lacks Jurisdiction to Rule on Walker's Motion**

Plaintiffs' filing of the Rule 41(a)(1) notice as to Walker automatically terminated the action against him when the notice was filed. The Ninth Circuit has held that "[i]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it. *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999). Or stated another way, "[t]he [filing of notice] itself closes the file. There is

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 4**

nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963).

What Walker is really seeking to do through the guise of a motion for attorney's fees is to get the Court to rule on his mooted motion to dismiss. Among other things, he claims that he is not a state actor and therefore the Court lacks "jurisdiction" over the civil rights claims against him. This is a fact-bound claim that cannot be revived now. The Court does not have jurisdiction to reach Walker's camouflaged, merits-based factual and legal arguments because the case was closed upon the filing of the Rule 41(a) notice of voluntary dismissal.

    C.    **The Claims Against Walker Were Not "Frivolous, Unreasonable, or Groundless."**

Even if the Court had jurisdiction to consider Walker's motion, which it does not, in order to support an award of attorney fees under section 1988(b) in a civil rights case, a defendant would have to be a prevailing party and also demonstrate that the case was frivolous, unreasonable or groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412,421 (1978). The standard for an award of a prevailing defendant in a civil rights case is more rigorous than the standard for the recovery of fees for a prevailing plaintiff, and fees to prevailing defendants are unusual. *Id.* at 442. This discrepancy exists because Congress did not want to discourage plaintiffs from pursuing litigation to protect their civil rights. The fact that a plaintiff ultimately loses is not a sufficient justification for the assessment of fees. *Id*.

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 5**

Walker was the long-time former prosecuting attorney for Washington County. He sold the land at issue to the Plaintiffs and still owns adjacent property. He attempted to pressure them to agree to a clause that would restrict them from building a single-family residence on the land. Complaint, ¶¶ 26-27. When they refused, Plaintiffs allege that Walker acted in concert and conspired with Washington County officials to get his wish fulfilled, this time through County action. *Id.* at¶¶ 37-40. The County took unusual steps of singling out Plaintiffs for discriminatory treatment, stalling and denying their request for a building permit. Walker used his influence as the long-time prosecuting attorney to circumvent the advice of the current prosecuting attorney of Washington County and to influence the decision-makers. *Id*. at ¶¶ 40, 45. Plaintiffs brought these allegations in good faith and, if the case proceeded to discovery and beyond, were ready to produce evidence to support them. The allegations raise troubling concerns about a former county official using his power and influence to act in concert with current county officials to violate individuals' constitutional rights in a small and rural county. At the pleading stage, these allegations are taken as true. The Court has no jurisdiction to adjudicate them in any event, as Walker wants, in a motion for attorney's fees.

Nothing about Plaintiffs' claims was "frivolous, unreasonable, or groundless." Even if Walker could get around the first two obstacles in his way – that he is not a prevailing party and the Court lacks jurisdiction over his motion – he is not entitled to fees.

    **D.**    **The Fees Requested are Unreasonable.**

Plaintiffs also object to the amount of fees- both the time expended and the hourly rate- asserted by Walker's counsel. The fee of $28,050.00 for the filing of a motion to dismiss is an

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 6**

exorbitant sum. The amount requested for his opening brief exceeds the cost incurred by the Plaintiffs in bringing its case against six defendants.

His attorney fees were a self-inflicted expense that Walker chose to incur. There was no need to file a lengthy memorandum in support of his motion to dismiss challenging jurisdiction accompanied by his prolonged declaration and numerous exhibits in response to the complaint. Washington County issued Plaintiffs' building permit shortly after the complaint was filed. Counsel for Walker was informed that settlement negotiations were occurring between Washington County and the Plaintiffs. A simple answer denying the allegations would have sufficed. Moreover, counsel for Walker was offered an extension by Plaintiffs' counsel which he declined. While it was Walker's prerogative to adopt a "scorch the earth" defense evidenced further by his attempt to continue to litigate a closed case, the cost of that expensive strategy is his own responsibility. Further, Walker is an experienced attorney with an active law practice and could have appeared on his own behalf when he was aware that the County was actively engaged in settlement discussions and spared himself any expense in connection with the litigation.

Plaintiffs also object to Mr. Wadsen's hourly rate of $500. He provides nothing in his affidavit to support this rate, nor does he inform the Court of any civil rights cases he has personally pursued or defended which would justify it. While he has had a long illustrious career as an elected official worthy of our respect, he has not demonstrated his personal familiarity as lead counsel on this civil rights case, or in any other.

### III. Conclusion

Following the mandate of Federal Rule 1, the Plaintiffs worked to secure "a just, speedy and inexpensive determination" of this action. Plaintiffs informed Walker, among the other

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 7**

defendants, that if they could settle with Washington County, he would simply be dismissed from the case. He chose to ignore that and drive up his own costs for reasons that remain unclear. Plaintiffs in fact reached an amicable settlement and dismissed Walker without prejudice. He is not a prevailing party, the Court lacks jurisdiction to reach his arguments, the claims brought against him were substantial, and his fee request is unreasonable. The Court should deny his motion.

    Submitted on this 20th day of October, 2025.

/s/ Deborah A. Ferguson
Deborah A. Ferguson
FERGUSON DURHAM, PLLC
Attorneys for Plaintiffs

**RESPONSE TO MOTION FOR ATTORNEY FEES- Page 8**